UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK FRANKLIN, ET AL.,**  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4743** |
| **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL.,**  Defendants | **SECTION: "E" (2)** |

## ORDER

On December 1, 2022, Defendant United Property and Casualty Insurance Company ("UPC") removed this case from the Civil District Court for the Parish of Orleans, State of Louisiana.[1] On March 27, 2023, the Court stayed and administratively closed the action until the stay of proceedings against UPC was lifted.[2] On August 14, 2023, Plaintiffs filed an unopposed motion to lift the stay to file a Motion to Substitute Defendant.[3] The Court granted Plaintiffs' motion on August 15, 2023,[4] and Plaintiffs filed an amended complaint adding (not substituting) Louisiana Insurance Guarantee Association ("LIGA") as a defendant.[5] UPC and Pennymac Loan Services, LLC ("Pennymac") remained named defendants in the amended complaint.[6]

Given the joinder of LIGA, the Court now lacks subject matter jurisdiction in the matter. "For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants."[7] The

---

[1] R. Doc. 1.
[2] R. Doc. 11.
[3] R. Doc. 15.
[4] R. Doc. 16.
[5] R. Doc. 17.
[6] R. Doc. 17.
[7] *Francis v. S. Fid. Ins. Co.*, No. 22-763, 2023 WL 2674709, at *1 (E.D. La. Mar. 29, 2023).

1

amount in controversy in this case exceeds $75,000.[8] Plaintiffs are Louisiana citizens.[9] Defendant UPC is a Florida corporation with its principal place of business in Florida, and is therefore a citizen of Florida for diversity purposes.[10] Defendant Pennymac is an LLC with members who are citizens of Delaware and California, and is therefore a citizen of those states.[11] Thus, at the time of removal, all parties were completely diverse.

However, the proposed joinder of LIGA in the amended complaint would destroy complete diversity. "LIGA is an unincorporated association and 'has the citizenship for diversity purposes of each of its constituent member insurers.' Multiple sections of this Court have remanded cases because LIGA has constituent member insurers based in Louisiana."[12] Since Plaintiffs are also citizens of Louisiana, the joinder of LIGA would destroy complete diversity of the parties.

The Court must scrutinize closely the joinder of a nondiverse party to a case removed based on diversity jurisdiction.[13] In this case, LIGA has a statutory obligation to pay damages owed to Plaintiffs by UPC and is therefore a necessary party to the action.[14] Accordingly, the Court finds that LIGA was not joined for the purpose of defeating federal jurisdiction and that Plaintiffs would be significantly injured if the joinder were not allowed.[15] Pursuant to 28 U.S.C. § 1447, the Court may permit the joinder of an additional defendant whose joinder would destroy subject matter jurisdiction but must then remand the action to State court.

---

[8] R. Doc. 1 at ¶ 10-17.
[9] R. Doc. 1 at p. 2.
[10] R. Doc. 1 at ¶ 7.
[11] R. Doc. 1 at ¶ 8.
[12] *Francis*, No. 22-763, 2023 WL 2674709, at *1; *see also Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023).
[13] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).
[14] R. Doc. 15; Fed. R. Civ. P. 19.
[15] *Hensgens*, 833 F.2d at 1182.

For the foregoing reasons, **IT IS ORDERED** that this action is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana Case Number 2022-9727.

**New Orleans, Louisiana, this 1st day of September, 2023.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**